■ In the Matter of ALLAN W. JENNINGS, JR., Appellant, v BOARD OF ELECTIONS OF CITY OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of KEYSHA T. BEASLEY et al., Respondents, v ALLAN W. JENNINGS, JR., Appellant, et al., Respondent. (Proceeding No. 2.) [819 NYS2d 487]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Allan W. Jennings, Jr., as a candidate in the primary election to be held on September 12, 2006, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 10th Senatorial District, and a related proceeding, inter alia, to invalidate the same designating petition, the appeals are from (1) a decision of the Supreme Court, Queens County (Golia, J.), dated August 9, 2006, made in proceeding No. 1, (2) a final order of the same court also dated August 9, 2006, which, upon the decision made in proceeding No. 1, denied the petition to validate and dismissed that proceeding, (3) a decision of the same court dated August 10, 2006, made after a hearing in proceeding No. 2, and (4) a final order of the same court also dated August 10, 2006, which, upon the decision dated August 10, 2006, made in proceeding No. 2, granted the petition to invalidate and invalidated the designating petition.

Ordered that the appeals from the decisions are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the final orders are affirmed, without costs or disbursements.

The Supreme Court properly determined that the appellant's petition to validate was insufficiently pleaded as a matter of law. A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated (see Matter of Krueger v Richards, 59 NY2d 680, 682 [1983]; Matter of Green v Mahr, 231 AD2d 480 [1996]). Since the appellant's validating petition was not sufficiently particularized to give the Supreme Court and the par-

ties notice of which determinations were claimed to be erroneous or which signatures the candidate claimed were improperly invalidated (*see* CPLR 3013), the validating petition was properly denied by the Supreme Court (*see Matter of Jannaccio v Board of Elections of City of N.Y.*, 297 AD2d 355 [2002]; *Matter of Green v Mahr, supra*).

The appellant's arguments relating to the final order granting the petition to invalidate the designating petition are without merit. Florio, J.P., Krausman, Goldstein, Mastro and Lunn, JJ., concur.