In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Dagan Lacorte as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Rockland County Executive, and a related proceeding, inter alia, to invalidate that designating petition, Howard L. Cytryn, David Fried, and Dolores L. Raymond appeal, and the Rockland County Board of Elections separately appeals, from a final order of the Supreme Court, Rockland County (Loehr, J.), dated August 6, 2013, which, after a hearing, denied the motion of Howard L. Cytryn, David Fried, Dolores L. Raymond, and Roseanne L. Lorenc, in which the Rockland *545 County Board of Elections joined, to dismiss the proceeding to validate the designating petition, granted the petition to validate the designating petition, and denied the petition to invalidate the designating petition.
Ordered that the final order is reversed, on the law, without costs or disbursements, the motion to dismiss the proceeding to validate the designating petition is granted, the proceeding to validate the designating petition is dismissed, and the proceeding to invalidate the designating petition is dismissed as academic.
The Supreme Court erred in denying the motion to dismiss the proceeding to validate the petition designating Dagan Lacorte as a candidate in the primary election to be held on September 10, 2013. “A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated” (Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486 [2006]; see Matter of Krueger v Richards, 59 NY2d 680, 682 [1983]; Matter of Green v Mahr, 231 AD2d 480 [1996]). Here, the validating petition was not sufficiently particularized to give notice of which determinations were claimed to be erroneous or which signatures Lacorte claimed were improperly invalidated by the Rockland County Board of Elections (hereinafter the Board) (see Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d at 486-487; Matter of Jannaccio v Board of Elections of City of N.Y., 297 AD2d 355 [2002]). Further, contrary to his contention, Lacorte failed to establish that he did not receive adequate and timely notice of the objections that were sustained by the Board (cf. Matter of Bodkin v Garfinkle, 21 AD3d 571 [2005]). Consequently, the Supreme Court should have granted the motion to dismiss the proceeding to validate the designating petition, dismissed that proceeding, and dismissed the proceeding to invalidate the designating petition as academic.
In light of our determination, we need not decide the remaining issues. Skelos, J.E, Austin, Roman and Sgroi, JJ., concur.