In the Matter of RADHIKA NAGUBANDI, Appellant, v MARY ELLEN POLENTZ et al., Respondents, et al., Respondent. (Proceeding No. 1.) In the Matter of MARY ELLEN POLENTZ et al., Respondents, v RACHEL TANGUAY-MCGUANE et al., Respondent. (Proceeding No. 2.) [15 NYS3d 431]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Radhika Nagubandi as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Family Court Judge, Rockland County, and a related proceeding, among other things, to invalidate that designating petition, Radhika Nagubandi appeals (1), as limited by her brief, from so much of a final order of the Supreme Court, Rockland County (Lubell, J.), dated

August 5, 2015, as denied, in effect, her motion to amend her petition to validate the designating petition, in effect, denied her petition to validate the designating petition, and granted the petition to invalidate the designating petition, and (2) from an order of the same court dated August 7, 2015.

Ordered that the appeal from the order dated August 7, 2015, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the final order dated August 5, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order dated August 7, 2015, must be dismissed as abandoned, as the appellant's brief does not seek reversal or modification of that order (*see Matter of Pepe v Pepe*, 124 AD3d 898 [2015]).

Objections and specifications of objections were filed in connection with a petition designating Radhika Nagubandi as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Family Court Judge, Rockland County. Nagubandi thereafter commenced a proceeding to validate the designating petition, contending only that the specifications of objections failed to comply with 9 NYCRR 6204.1 (a) (3), in that they did not explain the meaning of some of the abbreviations that were used to set forth objections to signatures. The Supreme Court directed the Rockland County Board of Elections (hereinafter the Board of Elections) to review the designating petition and rule on the objections, but not to consider any objections which were based solely on the unexplained abbreviations. The Board of Elections thereupon found that Nagubandi had a sufficient number of valid signatures to stay on the ballot.

While the determination of the Board of Elections was pending, Rachel Tanguay-McGuane, as the candidate aggrieved, commenced a proceeding to invalidate the designating petition. Nagubandi then, in effect, moved to amend her petition to validate the designating petition to assert that certain signatures on the designating petition were improperly invalidated by the Board of Elections. Nagubandi also served an answer with counterclaims to the invalidation proceeding in which she generally purported to reserve her right to respond to specific facts supporting alleged objections to her designating petition and, thereafter, served "specifications in support of counterclaims." The Supreme Court refused to consider Nagubandi's challenges to the Board of Elections' determina-

tions invalidating signatures and, after conducting a de novo review, found that Nagubandi's designating petition was not supported by a sufficient number of signatures, in effect, denied her petition to validate the designating petition, and granted the petition to invalidate her designating petition.

The Supreme Court properly denied, in effect, Nagubandi's motion to amend her petition to validate the designating petition, as the motion was both untimely and improperly filed without leave of court (*see* Election Law § 16-102; CPLR 402). Since Nagubandi did not provide timely notice that she intended to challenge the Board of Elections' determinations to invalidate signatures, the court properly precluded her from doing so (*see Matter of Suarez v Sadowski*, 48 NY2d 620, 621 [1979]; *Matter of Fischer v Suffolk County Bd. of Elections*, 55 AD3d 759 [2008]).

The Supreme Court also properly granted the petition to invalidate the designating petition. The court correctly concluded that Nagubandi was precluded from objecting to the Board of Elections' determinations invalidating certain signatures in the context of the invalidation proceeding, as her "specification in support of counterclaims" did not timely apprise the court and the parties of her specific challenges to determinations made by the Board of Elections (*see Matter of Krueger v Richards*, 59 NY2d 680 [1983]).

Nagubandi's remaining contentions are without merit. Mastro, J.P., Miller, Maltese and Barros, JJ., concur.