Matter of Maio v McNamara (2020 NY Slip Op 01274)





Matter of Maio v McNamara


2020 NY Slip Op 01274


Decided on February 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2020-01352
 (Index No. 614/20)

[*1]In the Matter of Danniel S. Maio, appellant,
v
Edward J. McNamara, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating the petitioner as a candidate for the public office of Queens Borough President in a special election to be held on March 24, 2020, the petitioner appeals from a final order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated February 4, 2020. The final order denied the petition, inter alia, to validate the independent nominating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner filed an independent nominating petition with the respondent Board of Elections in the City of New York (hereinafter the Board) nominating him as a candidate for the public office of Queens Borough President in a special election to be held on March 24, 2020. In reviewing the objections filed by the objector, the respondent Edward J. McNamara, the Board invalidated a large number of signatures in the independent nominating petition for various defects, leaving the petitioner with a total below the required 2,000 signatures. At a subsequent hearing before the Board, the petitioner submitted, inter alia, a rehabilitation report with line-by-line responses to some of the objections, but the number of signatures the report sought to rehabilitate was short of the number needed to reach the required 2,000 signatures. The petitioner also submitted boilerplate affidavits of numerous registered voters who allegedly signed the independent nominating petition, attesting to the authenticity of their signatures, but the affidavits contained no corresponding volume, page, and line numbers in the independent nominating petition to allow the Board to verify that the affiants' signatures had been ruled invalid and to review the merits of the petitioner's submissions. Accordingly, the Board determined that the petitioner's signature total was insufficient and his name would not appear on the ballot for the special election.
The petitioner subsequently commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate his independent nominating petition, largely relying upon the same materials that he had presented to the Board. McNamara opposed the petition, inter alia, to validate on the ground, among others, that the petitioner's submissions failed to adequately specify a sufficient number of signatures erroneously invalidated by the Board. In a final order dated February 4, 2020, the Supreme Court denied the petition, inter alia, to validate and dismissed the proceeding. The petitioner appeals, and we affirm.
"A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims [*2]were improperly invalidated" (Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486; see Matter of Krueger v Richards, 59 NY2d 680, 682; Matter of Fischer v Suffolk County Bd. of Elections, 55 AD3d 759; Matter of Green v Mahr, 231 AD2d 480). Here, the petition, inter alia, to validate and supporting exhibits were not sufficiently particularized to give notice of a sufficient number of signatures that the petitioner claimed were improperly invalidated by the Board (see Matter of Lacorte v Cytryn, 21 NY3d 1022; Matter of Jannaccio v Board of Elections of City of N.Y., 297 AD2d 355). Accordingly, we agree with the Supreme Court's determination to deny the petition, inter alia, to validate.
The petitioner's remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court