Matter of Council v Zapata (2020 NY Slip Op 02750)





Matter of Council v Zapata


2020 NY Slip Op 02750


Decided on May 11, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-03454
 (Index No. 700007/20)

[*1]In the Matter of Kimberly Council, respondent,
v
Ariana Zapata, et al., appellants.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Kimberly Council as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 37th Council District, Ariana Zapata and Alexandra Alvarado appeal, and the Board of Elections in the City of New York separately appeals, from a final order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 29, 2020. The final order, after a hearing, granted the petition, inter alia, to validate the designating petition, and, in effect, denied the motion of Ariana Zapata and Alexandra Alvarado and the separate motion of the Board of Elections in the City of New York to dismiss the proceeding.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the motion of Ariana Zapata and Alexandra Alvarado and the separate motion of the Board of Elections in the City of New York to dismiss the proceeding are granted, the petition, inter alia, to validate the designating petition is denied, and the proceeding is dismissed.
On March 20, 2020, the petitioner submitted a designating petition containing 332 signatures to the Board of Elections in the City of New York (hereinafter the BOE) designating her as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 37th Council District. On March 23, 2020, Ariana Zapata and Alexandra Alvarado (hereinafter together the objectors) filed timely general and specific objections to the petitioner's designating petition. On April 2, 2020, before the BOE ruled on the objections, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition. On April 7, 2020, the BOE issued a preliminary clerk's report on specifications of the objections. The clerk's report found that, of the 332 signatures filed by the petitioner, only 174 were valid. The objectors and the BOE separately moved to dismiss the proceeding.
Although the period for the circulation of designating petitions, which began in late February 2020, was supposed to continue until early April, Governor Andrew Cuomo, by Executive Order (Cuomo) No. 202.2 (9 NYCRR 8.202.2), issued on March 14, 2020, suspended further gathering of signatures as of 5:00 p.m. on March 17, 2020, in response to the growing concern over the spread of coronavirus disease 2019 (hereinafter COVID-19), in this state. Naturally, those involved in the process of gathering signatures were exposed to a heightened risk of contracting COVID-19 and spreading it to others, as were those party members who were approached for their signatures. Recognizing that shortening the signature gathering process by approximately 16 days [*2]impaired the ability of candidates to obtain the number of signatures required to qualify to appear on the ballot, the Governor directed, in part, that "Article 6 of the Election Law is modified to the extent necessary to reduce required number of signatures on petitions pursuant to Section 6-136 of such law to 1.5% of the enrolled voters required, or 30% of the stated threshold, whichever is less" (Executive Order No. 202.2).
Under Election Law § 6-136, the threshold number of signatures required on designating petitions to qualify for placement on a primary ballot is as follows:
"2. All other petitions must be signed by not less than five per centum . . . of the then enrolled voters of the party residing within the political unit in which the office or position is to be voted for . . . provided, however, that for the following public offices the number of signatures need not exceed the following limits: . . .
"(c-1) For any office to be filled in the city of New York by all the voters of any city council district, nine hundred signatures" (Election Law § 6-136[2][c-1])."
There are 62,248 registered Democrats in New York City's 37th Council District. Under subdivision 2 of Election Law § 6-136, the threshold number of signatures required would be the lesser of 5% of the registered Democrats, which equates to 3,112 signatures, or, under paragraph c-1, 900 signatures. Under the reduced signature requirement of Executive Order No. 202.2, the threshold number of signatures required is the lesser of 1.5% of the total registered Democrats, which equates to 934 signatures, or 30% of the 900 signatures required under paragraph c-1, which is 270 signatures.
Based on this calculus, the BOE clerk determined that the required number of signatures was 270. Accordingly, the clerk concluded that the subject designating petition, which contained 174 valid signatures, was 96 signatures deficient to qualify for the requested position on the primary ballot.
In support of her petition, inter alia, to validate the designating petition, the petitioner noted that New York City Charter § 1057-b(b)(1) provides that "[the] following provisions of the [E]lection [L]aw shall not apply to the extent that they govern the designation of . . . member of the city council . . . paragraph[ ] . . . (c-1) of subdivision two of section 6-136." Additionally, New York City Charter § 1057-b(a)(3) reduces the threshold number of signatures required to appear on a primary ballot for the New York City Council from 900, as required in Election Law § 6-136(2)(c-1), to 450.
The petitioner argued that Executive Order No. 202.2 applied to both Election Law § 6-136(2) and New York City Charter § 1057-b(a)(3). Thus, the petitioner contended that the number of valid signatures required is the lesser of 1.5% of the registered Democrats in the 37th Council District as per the Election Law, which equates to 934 signatures, or 30% of the 450 signature cap set forth in the New York City Charter, which equates to 135 signatures. Applying Executive Order No. 202.2 as such, the petitioner contended that she was required to submit only 135 valid signatures. Since it was undisputed that the petitioner submitted 174 valid signatures, the petitioner contended that she had a sufficient number of valid signatures to qualify for a position on the ballot.
In opposition, the objectors and the BOE contended that the analysis propounded by the petitioner was outside of and contrary to the clear mandate of Executive Law § 29-a, pursuant to which Executive Order No. 202.2 was promulgated. The objectors and the BOE noted that Executive Order No. 202.2 specifically modifies only the Election Law and does not mention the New York City Charter. They contended that, since the New York City Charter is not mentioned, the New York City Charter is not subject to Executive Order No. 202.2 and had not been suspended or modified thereby.
In a final order dated April 29, 2020, after a hearing, the Supreme Court agreed with [*3]the petitioner's argument that the Governor's intent in issuing Executive Order No. 202.2 was to include the New York City Charter, albeit sub silentio, to reduce the threshold number of signatures required to 135, which is 30% of the 450 signatures set forth in New York City Charter § 1057-b. Accordingly, the court granted the petition, inter alia, to validate the designating petition and, in effect, denied the separate motions of the objectors and the BOE to dismiss the proceeding. The objectors and the BOE separately appeal. We reverse.
There is no evidence that the Governor intended to alter the New York City Charter's threshold of 450 signatures as opposed to the Election Law statutory threshold of 900. Given that the Governor specifically referred to the Election Law threshold as providing the relevant baseline to reduce the number of signatures in Executive Order No. 202.2, to the extent that there may be any conflict by application of a different threshold baseline set forth in the New York City Charter, Executive Order (Cuomo) No. 202.3 (9 NYCRR 8.202.3) would warrant suspension of the contrary New York City Charter provision. Thus, the petitioner was required to meet a threshold of 30% of 900 signatures, or a minimum of 270 signatures, which is still a significant reduction of the 450 threshold set forth in New York City Charter § 1057-b. Since the petitioner did not meet this threshold, the order of the Supreme Court must be reversed.
The objectors' remaining contentions, raised for the first time on appeal, are not properly before this Court.
Accordingly, the Supreme Court should have granted the separate motions of the objectors and the BOE to dismiss the proceeding, denied the petition, inter alia, to validate the designating petition, and dismissed the proceeding.
BALKIN, J.P., AUSTIN, MALTESE, LASALLE and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court