Matter of Wagner v Elasser (2021 NY Slip Op 03135)





Matter of Wagner v Elasser


2021 NY Slip Op 03135


Decided on May 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2021-03081
 (Index No. 708902/21)

[*1]In the Matter of Margaret A. Wagner, et al., appellants- respondents, 
v
Barbara A. Elasser, et al., respondents- appellants, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioners as candidates in a primary election to be held on June 22, 2021, for the nomination of the Republican Party as its candidates for various public offices or for the party position of Members of the Republican State Committee from various Assembly Districts, the petitioners appeal, and Barbara A. Elasser, Anthony Nunziato, Matthew D. Hunter, Lauren N. Rivera, Hawiise Cabiri, Karen M. Kender, Winnie H. Eng, William Horowitz, and Queens County Republican Committee cross-appeal, from a final order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered April 26, 2021. The final order denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
ORDERED that the cross appeal is dismissed, without costs or disbursements; and it is further,
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to validate the designating petition is granted, and the Board of Elections in the City of New York is directed to place the petitioners' names on the appropriate ballots.
The cross appeal by Barbara A. Elasser, Anthony Nunziato, Matthew D. Hunter, Lauren N. Rivera, Hawiise Cabiri, Karen M. Kender, Winnie H. Eng, William Horowitz, and Queens County Republican Committee (hereinafter collectively the respondents) from the final order must be dismissed on the ground that they are not aggrieved thereby (see CPLR 5511). The issues raised on the cross appeal have been considered as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539).
The petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating them as candidates in a primary election to be held on June 22, 2021, for the nomination of the Republican Party as its candidates for various public offices or for the party position of Members of the Republican State Committee from various Assembly Districts. In a final order entered April 26, 2021, the Supreme Court denied the petition, inter alia, to validate and dismissed the proceeding upon finding that the petition failed to sufficiently specify the particular ruling of the Board of Elections in the City of New York (hereinafter the BOE) that the petitioners are now contesting. The court also determined, in any event, that the basis upon which the BOE invalidated the designating petition was proper, i.e., the extraneous inclusion of a series of numbers below the candidates' names on the designating petition pages, in violation of [*2]Election Law § 6-132. The petitioners appeal.
"A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated" (Matter of Jennings v Board of Elections of City of New York, 32 AD3d 486, 486; see Matter of Lacorte v Cytryn, 109 AD3d 544, affd 21 NY3d 1022; Matter of Fischer v Suffolk County Bd. of Elections, 55 AD3d 759). Here, the petition, inter alia, to validate and other supporting papers identified the BOE determination being challenged. A copy of the BOE's determination was attached as an exhibit to the petition, inter alia, to validate. The BOE's determination explicitly decided the merits of only one of the objections to the designating petition that were before it, i.e., the extraneous inclusion of numbers referencing election districts below the candidates' names on the designating petition pages. The BOE also stated that it was not addressing the remaining objections that were before it in light of its determination. Further, the only objection addressed by the BOE applied to all of the signatures on the designating petition. Under these circumstances, the petition, inter alia, to validate and its supporting papers gave all parties sufficient notice of the issues pertinent to the petitioners' claims in this proceeding. The petition, inter alia, to validate sufficiently identified the determination of the BOE that the petitioners seek to challenge, giving the respondents adequate notice, in accord with due process, to prepare a defense (see Matter of Master v Davis, 65 AD3d 646, 647; Matter of Venuti v Westchester County Bd. of Elections, 43 AD3d 482, 484). Accordingly, the Supreme Court improperly denied the petition, inter alia, to validate on the ground that the petition failed to sufficiently specify the particular ruling of the BOE that the petitioners are contesting.
"Election Law § 6-132(1) requires that each sheet of a designating petition 'state the public office or party position sought by the candidate'" (Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d 641, 642, quoting Matter of Dunlea v New York State Bd. of Elections, 275 AD2d 589, 590). Election Law § 6-134, setting forth rules for designating petitions, states that its provisions "shall be liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud" (id. § 6-134[10]). Further, an error in the required information for a designating petition is not grounds for invalidation when the designating petition is sufficiently informative to preclude confusion or deception of the signers or the BOE (see Matter of Fochtman v Coll, 153 AD3d 1214, 1215; Matter of Notholt v Nassau County Bd. of Elections, 131 AD3d at 642-643). Thus, when an innocent and inconsequential violation of a technical rule of the Election Law pertaining to designating petitions is involved, by which a candidate has nothing to gain, and the violation creates no difficulty in reviewing the designating petition for its validity and accuracy and presents no potential for fraud or prejudice, said violation must be deemed inconsequential and the designating petition should be said to have complied with the requirements of the Election Law (see Matter of Fromson v Lefever, 112 AD2d 1064, affd 65 NY2d 946). Applying this standard to the circumstances presented herein, we find that the extraneous inclusion in the designating petition pages of election district numbers is inconsequential (see Matter of Vogel v Blackwell, 225 AD2d 1091).
The alternative grounds for affirmance raised in Point III of the respondents' brief are without merit.
Accordingly, the Supreme Court should have granted the petition, inter alia, to validate the designating petition and directed the BOE to place the petitioners' names on the appropriate ballots.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court