Matter of Fuchs v Park (2022 NY Slip Op 03192)





Matter of Fuchs v Park


2022 NY Slip Op 03192


Decided on May 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2022-03355
 (Index No. 709277/22)

[*1]In the Matter of Abraham Fuchs, appellant,
v
Mary Myungsun M. Park, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate so much of a petition as designated Abraham M. Fuchs, named herein as Abraham Fuchs, as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 25th Assembly District, Abraham Fuchs appeals from a final order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered May 5, 2022. The final order denied the petition, inter alia, to validate and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
As is relevant to this appeal, on April 5, 2022, a petition was filed with the Board of Elections in the City of New York (hereinafter Board of Elections), inter alia, designating Abraham M. Fuchs as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 25th Assembly District. On April 26, 2022, the Board of Elections, ruling on objections and specifications of objections, determined, inter alia, that the designating petition was invalid, because it contained only 381 valid signatures, 119 fewer than the 500 valid signatures needed to qualify.
In this proceeding, inter alia, to validate so much of the designating petition as designated him a candidate, Fuchs alleges that the specifications of objections ruled upon by the Board of Elections with respect to the designating petition were "insufficient, defective and invalid and are not in due and proper form and do not comply with the rules" of the Board of Elections and are "otherwise insufficient, defective and invalid, and a great majority of the items are without merit on law or in fact." Fuchs annexed as exhibits to his petition, inter alia, to validate a copy of the designating petition, the specifications of objections, the rulings by the Board of Elections on those specifications, and his objections to those rulings in conclusory form. In a final order entered May 5, 2022, the Supreme Court denied the petition, inter alia, to validate and dismissed the proceeding. Fuchs appeals. We affirm for reasons different from those relied upon by the Supreme Court.
"'A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated'" (Matter of Maio v McNamara, 180 AD3d 965, 966, quoting Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486). Here, the petition, inter alia, to validate and supporting exhibits submitted by Fuchs were not sufficiently particularized to support Fuchs's contention that the Board of Elections improperly invalidated a sufficient number of [*2]signatures such that his petition, inter alia, to validate so much of the designating petition as designated him a candidate should have been granted (see Matter of Maio v McNamara, 180 AD3d 965; Matter of Jannaccio v Board of Elections of City of N.Y., 297 AD2d 355).
Accordingly, we agree with the Supreme Court's determination to deny the petition, inter alia, to validate, albeit on other grounds.
Fuchs's remaining contentions need not be addressed in light of our determination.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and FORD, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court