Matter of Sanon v Marte (2022 NY Slip Op 03202)





Matter of Sanon v Marte


2022 NY Slip Op 03202


Decided on May 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2022-03514
 (Index No. 511124/22)

[*1]In the Matter of Chevone T. Sanon, appellant,
v
Andy J. Marte, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Chevone T. Sanon as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Civil Court of the City of New York from the County of Kings, for assigned vacancy 4, Chevone T. Sanon appeals from a final order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 11, 2022. The final order denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner, Chevone T. Sanon, submitted a petition designating her as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Civil Court of the City of New York from the County of Kings, for assigned vacancy 4. Four thousand signatures were required for the petitioner to become a candidate on the ballot for this public office, and she submitted a 10-volume designating petition that reportedly contained 8,926 signatures. Andy J. Marte and Neal Forman filed general and specific objections to the designating petition, asserting that nearly 8,000 of the signatures were invalid.
On or about April 16, 2022, before the Board of Elections in the City of New York (hereinafter the BOE) ruled on the objections, the petitioner commenced this proceeding, inter alia, to validate her designating petition. Thereafter, the BOE issued a preliminary clerk's report on the specifications of objections, finding that, of the 8,812 signatures contained in the designating petition, 6,109 were invalid, or "as specified" (AS), and 2,703 of the signatures were valid. The BOE's Commissioners confirmed this report. On April 29, 2022, the petitioner requested an adjournment of this proceeding, inter alia, to validate her designating petition to decide whether she wished to proceed, which the Supreme Court granted. At the same time, the court offered to direct the BOE to remain open on the weekend so that the petitioner could access and review the invalidated signatures, but the petitioner declined. On May 3, 2022, the petitioner indicated that she wished to proceed and requested a line-by-line review of signatures invalidated by the BOE. That request was granted and, on May 4, 2022, special referees began a line-by-line review.
By order dated May 5, 2022, the Supreme Court expressed concern about the slow pace of the line-by-line review, observed that the petitioner demonstrated a lack of preparedness to meaningfully proceed with the review, and directed that she file a bill of particulars with respect to [*2]seven volumes of her designating petition in order to specify which of the signatures invalidated by the BOE were at issue. In this order, the court further directed, "to the extent that [the] petitioner fails to file a bill of particulars with respect to the [signatures in the specified volumes] . . . the court will deem [the] petitioner to have waived all objections [as to the] the signatures contained in these volumes." The petitioner filed a partial bill of particulars, but did not specify her challenges to the BOE's determinations as to signatures found on 114 designating petition sheets. The court held that the petitioner waived her challenges to the BOE's determinations as to the signatures on those sheets and, therefore, the referees did not review those sheets. Based upon the line-by-line review that was conducted, excluding those sheets, the referees determined that the petitioner had a total of 3,180 signatures, which was 820 fewer than the number of signatures required to be placed on the ballot. The court confirmed this determination.
In a final order dated May 11, 2022, the Supreme Court denied the petition, inter alia, to validate the designating petition and dismissed the proceeding. In addition to finding that the petitioner was precluded from challenging any BOE determinations on the 114 designating petition sheets, the court determined that, even if all of the invalidated signatures on those sheets were found to be valid, the petitioner would only gain 813 signatures, still fewer than the 820 signatures needed to reach the 4,000 signatures required. The court further found that "any review of the [BOE's invalidation of] the signatures contained in the 114 sheets would be a further waste of the court's limited resources within the extremely narrow timeframe in which Election Law proceedings must be completed." The petitioner appeals.
The petitioner does not refute the Supreme Court's determination that, numerically, it would have been impossible for her to obtain the required number of signatures, even if the additional 114 designating petition sheets were reviewed and all of the signatures invalidated by the BOE were found to be valid. For that reason alone, the final order must be affirmed.
In any event, under these circumstances, we discern no error in the Supreme Court's conclusion that the petitioner's failure to specify her challenges with respect to the 114 designating petition sheets precluded any challenges to the BOE's determinations on those sheets. A candidate "must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated" (Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486; see Matter of Lacorte v Cytryn, 21 NY3d 1022, 1023; Matter of Wagner v Elasser, 194 AD3d 891, 892; Matter of Maio v McNamara, 180 AD3d 965, 966). Further, "Election Law proceedings are subject to severe time constraints, and they require immediate action" (Matter of Master v Pohanka, 44 AD3d 1050, 1052; see Matter of Carr v Kepi, 198 AD3d 847). With respect to those 114 sheets, despite being provided ample opportunity to do so, the petitioner "did not sufficiently specify which determinations of" the BOE she "claimed were erroneous" (Matter of Lacorte v Cytryn, 21 NY3d at 1023; see Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d at 486; see also Matter of Nagubandi v Polentz, 131 AD3d 639, 641).
Accordingly, the Supreme Court properly denied the petition, inter alia, to validate the petitioner's designating petition and dismissed the proceeding.
The petitioner's contentions that she was not properly served with the specifications of objections and that the specifications were broad or generic, raised for the first time on appeal, are not properly before this Court (see Matter of Council v Zapata, 183 AD3d 678, 678; Matter of Bichotte v Adolphe, 120 AD3d 674, 676).
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court