Matter of Clerina v Giblin (2023 NY Slip Op 02604)

Matter of Clerina v Giblin

2023 NY Slip Op 02604

Decided on May 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04396
 (Index No. 32014/23)

[*1]In the Matter of Zach Clerina, appellant, 
v
Patricia A. Giblin, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Zach Clerina as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Democratic Party as its candidate for the public office of Trustee of the Village of Spring Valley, Zach Clerina appeals from a final order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated May 11, 2023. The final order, after a hearing, denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner, Zach Clerina, submitted a petition designating him as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Democratic Party as its candidate for the public office of Trustee of the Village of Spring Valley. Four hundred sixteen signatures were required for the petitioner to become a candidate on the ballot for this public office, and he submitted a designating petition that contained 750 signatures. After general and specific objections to the designating petition were filed, the Rockland County Board of Elections (hereinafter the Board) held a hearing and ultimately invalidated 351 signatures, leaving 399 valid signatures.
On May 5, 2023, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate his designating petition. The Supreme Court, after a hearing, denied the petition, inter alia, to validate and dismissed the proceeding. The petitioner appeals.
"'A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated'" (Matter of Fuchs v Park, 205 AD3d 849, 850, quoting Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486 [internal quotation marks omitted]). Further, "Election Law proceedings are subject to severe time constraints, and they require immediate action" (Matter of Sanon v Marte, 205 AD3d 859, 861 [internal quotation marks omitted]). Here, despite being provided ample opportunity to do so, the petitioner did not sufficiently specify which of the Board's determinations he claimed were erroneous (see id. at 861; Matter of Maio v McNamara, 180 AD3d 965, 966; Matter of Lacorte v Cytryn, 109 AD3d 544, 545).
Accordingly, the Supreme Court properly denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
IANNACCI, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court