Matter of Porth v Maio (2024 NY Slip Op 03127)

Matter of Porth v Maio

2024 NY Slip Op 03127

Decided on June 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-04289
 (Index No. 707945/24)

[*1]In the Matter of Kristi Porth, et al., petitioners- respondents, 
v
Danniel S. Maio, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Danniel S. Maio as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Republican Party as its candidate for the public office of New York State Senator for the 15th Senatorial District, Danniel S. Maio appeals from a final order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered May 7, 2024. The final order confirmed the report of a referee (Maria L. Bradley, Ct. Atty. Ref.) and, thereupon, granted the petition, among other things, to invalidate the designating petition.
ORDERED that the final order is affirmed, without costs or disbursements.
On April 4, 2024, Danniel S. Maio filed a petition with the Board of Elections in the City of New York (hereinafter the Board) designating himself as a candidate in a primary election to be held on June 25, 2024, for the nomination of the Republican Party as its candidate for the public office of New York State Senator for the 15th Senatorial District. On April 15, 2024, the petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition. In an amended clerk's report dated April 19, 2024, the Board determined that Maio submitted a total of 1,037 valid signatures, which total was more than the 1,000 signatures required (see id. § 6-136[2][h]). The bill of particulars alleged that 147 of those signatures were invalid.
In an order entered May 6, 2024, the Supreme Court referred the matter to a Court Attorney Referee for a de novo review of the disputed signatures, and the Court Attorney Referee conducted a line-by-line review in the presence of the petitioners' counsel and Maio. In a report dated May 7, 2024, the Court Attorney Referee found that 73 signatures were invalid, leaving Maio with 964 valid signatures. In a final order entered May 7, 2024, the court confirmed the report of the Court Attorney Referee and, thereupon, granted the petition, inter alia, to invalidate the designating petition. Maio appeals.
Maio contends that certain evidence demonstrates the existence of 51 additional valid signatures. However, Maio's contentions with respect to 27 of those disputed signatures rely on affirmations which are dehors the record, as they were signed after the final order appealed from was issued. "As this Court has repeatedly stated, an issue raised for the first time on appeal is not properly before this Court" (Wells Fargo Bank v Islam, 174 AD3d 670, 671; see Matter of Maio v McNamara, 180 AD3d 965, 967). "'Election Law proceedings are subject to severe time constraints, and they require immediate action'" (Matter of Sanon v Marte, 205 AD3d 859, 861, quoting Matter [*2]of Master v Pohanka, 44 AD3d 1050, 1052). Maio's contentions with respect to the remaining 24 disputed signatures, which could have been raised in the Supreme Court, would, at best, leave him with no more than 988 valid signatures, 12 signatures short of the 1,000 required (see Election Law § 6-136[2][h]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the petition, inter alia, to invalidate the designating petition.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court