Matter of Stavisky v Yiatin Chu (2024 NY Slip Op 04510)

Matter of Stavisky v Yiatin Chu

2024 NY Slip Op 04510

Decided on September 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2024-08313
 (Index No. 712026/24)

[*1]In the Matter of Toby Ann Stavisky, petitioner- respondent, 
v
Yiatin Chu, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating Yiatin Chu as a candidate of the independent body named "Common Sense" for the public office of New York State Senator for the 11th Senatorial District in a general election to be held on November 5, 2024, Yiatin Chu appeals from a final order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 16, 2024. The final order confirmed a report of a referee (Maria L. Bradley, Ct. Atty. Ref.) and, thereupon, granted the petition, inter alia, to invalidate the independent nominating petition.
ORDERED that the final order is affirmed, without costs or disbursements.
In June 2024, the petitioner commenced this proceeding against the respondents, Yiatin Chu (hereinafter the appellant) and Board of Elections in the City of New York (hereinafter the Board of Elections), pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating the appellant as a candidate of the independent body named "Common Sense" for the public office of New York State Senator for the 11th Senatorial District in a general election to be held on November 5, 2024.
In an order dated June 17, 2024, the Supreme Court referred the matter to a court attorney referee for a de novo review. In an order dated June 24, 2024, the court directed the parties to "confer and review the said disputed signatures and stipulate as to those signatures that are clearly invalid under the Election Law, including but not limited to: those signatories of voters that are Out of District (OD); and/or Not Registered as Stated (NR)." In an email dated July 1, 2024, the appellant's attorney noted that the appellant did "not agree" and did "not stipulate" as to specified objections to 610 signatures. The appellant's attorney listed those signatures on a spreadsheet and further stated that the signatures "not listed on the spreadsheet would be what we could stipulate to." In a report dated July 30, 2024, the referee noted that the disputed signatures were reduced to 608 and found that of those disputed signatures, 435 were valid, which meant that the independent nominating petition was 31 signatures short of the required 3,000 signatures.
On July 31, 2024, the appellant's attorney challenged the referee's findings as to 52 invalidated signatures. The appellant's attorney further contended that the appellant should be afforded an opportunity to cure signatures that were undisputably invalid on their face because curing the defects was "outside the scope of the line-by-line review."
In a supplemental report dated August 15, 2024, the referee adhered to her original determination because the appellant did not submit any evidence regarding the challenged 52 [*2]invalidated signatures. During a court appearance on August 16, 2024, the appellant made an application to submit affidavits to cure certain signatures that were invalid on their face. The Supreme Court denied that application, confirmed the referee's report, and thereupon, granted the petition, inter alia, to invalidate the independent nominating petition. This appeal ensued.
"'Election Law proceedings are subject to severe time constraints, and they require immediate action'" (Matter of Porth v Maio, 228 AD3d 709, 710, quoting Matter of Sanon v Marte, 205 AD3d 859, 861 [internal quotation marks omitted]; see Matter of Alfieri v Bravo, 172 AD3d 1360, 1363). Here, the parties charted their own course by limiting review to just more than 600 signatures without reserving the right to submit affidavits to cure to the referee, who was acting as an arm of the Supreme Court and not of the Board of Elections.
Contrary to the appellant's contention, the Supreme Court properly denied her application to submit affidavits to cure to the court directly, upon an application challenging the referee's report (see Matter of Alfieri v Bravo, 172 AD3d at 1364).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the petition, inter alia, to invalidate the independent nominating petition.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court