Matter of Kennedy v Board of Elections in the City of N.Y.
2026 NY Slip Op 03104
May 14, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Odessa Kennedy, appellant,
v
Board of Elections in the City of New York, respondent, Alexander Norman Van Hatter, et al., respondents-respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 14, 2026
2026-04583, (Index No. 71302/26)
Mark C. Dillon, J.P.
Linda Christopher
Helen Voutsinas
Elena Goldberg Velazquez, JJ.
[*1]
DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Civil Court of the City of New York from the County of Kings, the petitioner appeals from a final order of the Supreme Court, Queens County (Joseph Risi, J.), dated May 7, 2026. The final order denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On or about April 6, 2026, the petitioner, Odessa Kennedy, submitted a petition designating her as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Civil Court of the City of New York from the County of Kings. Four thousand signatures were required for the petitioner to appear on the ballot, and she submitted a designating petition allegedly containing 9,551 signatures. On or about April 15, 2026, the respondents Alexander Norman Van Hatter and Syieda Shakala Webb (hereinafter together the objectors) filed specifications of objections to the designating petition. On April 27, 2026, the respondent Board of Elections in the City of New York (hereinafter the BOE) provided the petitioner with a copy of the designating petition and a clerk's rulings on the objections, which determined that 6,501 signatures were invalid for various reasons, while 3,050 signatures were determined to be valid. On April 29, 2026, the BOE adopted a clerk's report and determined that the designating petition was invalid because it contained fewer than the 4,000 signatures needed to qualify.
The petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate her designating petition on May 4, 2026. The petitioner alleged, inter alia, that the BOE "made numerous unlawful determinations" and that "[h]undreds of signatures, if not more than 1000 signatures were disqualified because the [w]itness' signature did not match." The petitioner further alleged that "[m]any hundreds more were invalidated" because a form submitted with the designating petition "did not state the correct county" for a witness's address. The petitioner submitted a one-page report of a clerk of the BOE summarizing the BOE's determinations as an exhibit.
In a verified answer, the objectors and the respondent Danielle Noel asserted as a defense that the petition, inter alia, to validate the designating petition failed to state with sufficient [*2]specificity which rulings by the BOE were claimed to be erroneous.
The petitioner submitted in reply, among other things, her own affirmation and affirmations of counsel, averring, inter alia, that the BOE had not provided its determinations to the petitioner with adequate time to identify specific erroneous determinations. The petitioner also submitted copies of 10 signature sheets from the designating petition, containing at most 15 signatures each, accompanied by the specifications of objections and the BOE's determinations for those sheets. The petitioner's counsel averred that these sheets contained purportedly erroneous invalidation determinations on grounds of nonmatching signatures or incomplete addresses or on grounds allegedly not indicated by the BOE. The petitioner further requested that the Supreme Court conduct a line-by-line review of the designating petition and the specifications of objections to determine whether the BOE made a sufficient number of erroneous invalidation determinations such that the petitioner's designating petition should be validated.
In a final order dated May 7, 2026, the Supreme Court determined, among other things, that the petition, inter alia, to validate the designating petition and supporting submissions did not identify with sufficient specificity the signatures that the petitioner contended were improperly invalidated. The court denied the petition, inter alia, to validate the designating petition and dismissed the proceeding. The petitioner appeals.
"A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated" (Matter of Fuchs v Park, 205 AD3d 849, 850 [internal quotation marks omitted]; see Matter of Lacorte v Cytryn, 21 NY3d 1022; Matter of Sanon v Marte, 205 AD3d 859; Matter of Maio v McNamara, 180 AD3d 965). "Election Law proceedings are subject to severe time constraints, and they require immediate action" (Matter of Sanon v Marte, 205 AD3d at 861 [internal quotation marks omitted]; see Matter of Clerina v Giblin, 216 AD3d 864, 865). Here, the petitioner did not sufficiently specify the signatures that she contended were erroneously invalidated and did not identify with particularity a sufficient number of allegedly erroneous signature determinations by the BOE to validate the designating petition (see Matter of Sanon v Marte, 205 AD3d at 861; Matter of Fuchs v Park, 205 AD3d at 850-851; Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486-487; cf. Matter of Wagner v Elasser, 194 AD3d 891; Matter of Klein v Garfinkle, 12 AD3d 604). Contrary to the petitioner's contention, and in light of the severe time constraints inherent to special proceedings pursuant to Election Law article 16, the BOE provided copies of the materials relevant to its determinations to the petitioner with sufficient time to identify allegedly erroneous determinations with specificity for inclusion in a validating petition (see id. § 16-102[2]; Matter of Sanon v Marte, 205 AD3d at 859-861; cf. Matter of Sweet v Fonvil, 227 AD3d 849, 851), and the BOE was not required by the order to show cause to submit any additional materials to the Supreme Court.
The petitioner's remaining contention is without merit.
We decline the request of the objectors and Noel for an award of attorneys' fees and to impose sanctions against the petitioner (see 22 NYCRR 130-1.1; Matter of Carr v Kepi, 198 AD3d 847, 849; Matter of Luthmann v Gulino, 131 AD3d 636, 638).
DILLON, J.P., CHRISTOPHER, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court