Matter of Miriville-Shahzada v Board of Elections in the City of N.Y.

2026 NY Slip Op 03255

May 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Marie Miriville-Shahzada, appellant,

v

Board of Elections in the City of New York, et al., respondents, Linda Lupia, respondent-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 21, 2026

2026-04723, (Index No. 517272/26)

Colleen D. Duffy, J.P.

Linda Christopher

William G. Ford

Laurence L. Love, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 46th Assembly District, the petitioner appeals from a final order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 13, 2026. The final order, after a hearing, denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

On May 8, 2026, the final day that this proceeding could be commenced, the petitioner commenced this proceeding against Linda Lupia, Joseph Santangelo, Chris McCreight, and the Board of Elections in the City of New York (hereinafter the BOE) pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 46th Assembly District (hereinafter the designating petition). The petitioner alleged, inter alia, that the BOE improperly invalidated certain signatures on the designating petition, which resulted in the BOE determining that the designating petition was invalid because it contained fewer than the requisite number of signatures.

On May 10, 2026, the petitioner submitted to the Supreme Court an exhibit she sought to include with the petition, inter alia, to validate the designating petition purporting to identify 18 additional signatures she contended the BOE also erred in invalidating. Lupia opposed on the ground, among others, that the petitioner's submission on May 10, 2026, should not be considered. In a final order dated May 13, 2026, the court, after a hearing, denied the petition, inter alia, to validate the designating petition and dismissed the proceeding. In the final order, the court did not consider the petitioner's exhibit submitted on May 10, 2026. The petitioner appeals.

"A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated" (Matter of Kennedy v Board of Elections in the City of N.Y., ___ AD3d ___, ___, 2026 NY Slip Op 03104, *2 [internal quotation marks omitted]; see Matter of Lacorte v Cytryn, 21 NY3d 1022, 1023). "Further, 'Election Law proceedings are subject to severe time constraints, and they require immediate action'" (Matter of Clerina v Giblin, 216 AD3d 864, 865, [*2]quoting Matter of Sanon v Marte, 205 AD3d 859, 861). Here, the record fails to support the petitioner's contention that the BOE improperly invalidated certain signatures since the petition, inter alia, to validate the designating petition and supporting exhibits were not sufficiently particularized (see Matter of Fuchs v Park, 205 AD3d 849, 850-851; Matter of Maio v McNamara, 180 AD3d 965, 966). Moreover, the Supreme Court properly did not consider the exhibit submitted by the petitioner on May 10, 2026, as it was untimely and, thus, did not provide timely notice of the petitioner's intent to challenge the BOE's determination to invalidate the signatures identified therein (see Matter of Nagubandi v Polentz, 131 AD3d 639, 641; Matter of Stevens v Collins, 120 AD3d 696, 697).

Accordingly, the Supreme Court properly denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.

DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court