Matter of Hennessy v Oneida County Bd. of Elections (2023 NY Slip Op 03217)

Matter of Hennessy v Oneida County Bd. of Elections

2023 NY Slip Op 03217

Decided on June 13, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

570.1 CAE 23-00900

[*1]IN THE MATTER OF MICHAEL HENNESSY, PETITIONER-APPELLANT,
v
ONEIDA COUNTY BOARD OF ELECTIONS AND PATRICK O'BRIEN, RESPONDENTS-RESPONDENTS. 

THE SARCONE LAW FIRM, PLLC, CROTON-ON-HUDSON (JOHN A. SARCONE, III, OF COUNSEL), FOR PETITIONER-APPELLANT. 
FUSCO LAW OFFICE, ALBANY (ADAM FUSCO OF COUNSEL), FOR RESPONDENT-RESPONDENT ONEIDA COUNTY BOARD OF ELECTIONS.
LAW OFFICE OF JOSEPH T. BURNS, PLLC, WILLIAMSVILLE (JOSEPH T. BURNS OF COUNSEL), FOR RESPONDENT-RESPONDENT PATRICK O'BRIEN.

 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered May 18, 2023, in a proceeding pursuant to Election Law article 16. The order, inter alia, dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking, inter alia, to validate his designating petition pursuant to the Election Law to place him on the primary election ballot for the Republican Party as a candidate for the office of Oneida County Executive. The designating petition was invalidated by respondent Oneida County Board of Elections (Board), which determined in response to objections filed by respondent Patrick O'Brien and after a hearing that the designating petition did not contain the 1,000 valid signatures required to qualify for the designation sought because 585 of the total 1,571 signatures therein were invalid. Petitioner appeals from an order that, inter alia, dismissed the petition on the ground that it lacked the specificity required by CPLR 3013. We affirm.
"A validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly invalidated" (Matter of Fuchs v Park, 205 AD3d 849, 850 [2d Dept 2022], lv denied 38 NY3d 906 [2022] [internal quotation marks omitted]; see Matter of Lacorte v Cytryn, 21 NY3d 1022, 1023 [2013]; Matter of Rodriguez v Ward, 43 AD3d 640, 641 [4th Dept 2007]; see generally CPLR 3013). Although a petitioner may satisfy that requirement by referencing exhibits attached to the petition, those exhibits must, under the circumstances, provide the respondents with adequate notice to permit them to prepare a defense to the petition (see Matter of Wagner v Elasser, 194 AD3d 891, 893 [2d Dept 2021], lv denied 36 NY3d 913 [2021]; see generally Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486-487 [2d Dept 2006], lv denied 7 NY3d 707 [2006]).
Here, the petition to validate and supporting exhibits were not sufficiently particularized (see generally Rodriguez, 43 AD3d at 641). At certain points in his validation petition, petitioner generally sought to challenge "[e]ach and every one of the determinations of the Board" adverse to him. At other points, he incorporated by reference an exhibit attached to the petition, exhibit C, which addressed only a subset of the 585 signatures ultimately invalidated by the Board. The [*2]petition's conclusory challenge to any determination adverse to petitioner failed to satisfy the specific pleading standard (see generally Matter of Ellman v Grace, 75 Misc 3d 776, 783 [Sup Ct, Albany County 2022]). To the extent that the petition also relied on exhibit C to challenge a limited number of signatures referenced therein, we conclude that exhibit C did not, on its face, "specify which determinations" of the Board petitioner claimed were erroneous (Lacorte, 21 NY3d at 1023). Rather than responding to the Board's determination, exhibit C predated that determination and contained responses to the Board's preliminary analysis. Indeed, the exhibit addressed numerous signatures that were not ultimately invalidated by the Board. Further, the exhibit conflicted with the body of the petition itself as to how many of the invalidated signatures were at issue. Under the circumstances, we conclude that the petition with exhibits "was not sufficiently particularized to give . . . Supreme Court and the parties notice of which determinations were claimed to be erroneous or which signatures the candidate claimed were improperly invalidated" (Jennings, 32 AD3d at 486-487).
We have considered petitioner's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: June 13, 2023
Ann Dillon Flynn
Clerk of the Court