Matter of Rowlands v Baker (2023 NY Slip Op 04353)

Matter of Rowlands v Baker

2023 NY Slip Op 04353

Decided on August 17, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 17, 2023

CV-23-1390
[*1]In the Matter of Kellin Rowlands, Respondent,
v
Jeff Baker et al., Appellants.

Calendar Date:August 17, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Greenberg Traurig, LLP, Albany (Robert M. Harding of counsel), for Jeff Baker, appellant.
Fusco Law Office, Albany (Adam Fusco of counsel), for Albany County Board of Elections, appellant.
Matthew J. Clyne, Glenmont, for respondent.

Per Curiam.
Appeal from a judgment of the Supreme Court (L. Michael Mackey, J.), entered July 7, 2023 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the independent nominating petition naming petitioner as the candidate of the independent body known as the Uniting Bethlehem Party for the public office of Town Council Member of the Town of Bethlehem in the November 7, 2023 general election.
Petitioner filed with respondent Albany County Board of Elections an independent nominating petition naming him as the candidate for the independent body known as the Uniting Bethlehem Party for the public office of Town Council Member of the Town of Bethlehem in the November 7, 2023 general election. Respondent Jeff Baker timely filed both general and specific objections with the Board. The Board notified petitioner and Baker of its preliminary rulings on the objections, resulting in the petition being seven signatures short. After providing an opportunity to be heard, the Board modified its findings as to only one signature, leaving the petition six signatures short.[FN1] Therefore, the Board determined that the nominating petition was invalid.
Petitioner commenced this proceeding to validate his nominating petition. After a hearing, Supreme Court found 25 of the contested signatures to be valid. Accordingly, the court granted the petition and determined that the nominating petition is valid. Respondents appeal.
Respondents argue that Supreme Court should have dismissed the proceeding due to the validating petition's lack of particularity. We disagree. The CPLR directs that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of" what is being alleged or challenged and what the filing party "intended to be proved" (CPLR 3013). "Pleadings shall be liberally construed" (CPLR 3026), and "[a] copy of any writing which is attached to a pleading is a part thereof for all purposes" (CPLR 3014). In an Election Law proceeding, " '[a] validating petition must specify the individual determinations of a board of elections that the candidate claims were erroneous, including the signatures that the candidate claims were improperly
invalidated' " (Matter of Maio v McNamara, 180 AD3d 965, 966 [2d Dept 2020], lv denied 34 NY3d 911 [2020], quoting Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486 [2d Dept 2006], lv denied 7 NY3d 707 [2006]; accord Matter of Hennessy v Oneida County Bd. of Elections, 217 AD3d 1452, 1453 [4th Dept 2023]; Matter of Fuchs v Park, 205 AD3d 849, 850 [2d Dept 2022], lv denied 38 NY3d 906 [2022]; Matter of Lacorte v Cytryn, 109 AD3d 544, 545 [2d Dept 2013], affd 21 NY3d 1022 [2013]). "[A] petitioner may satisfy that requirement by referencing exhibits attached to the petition," as long as the exhibits, "under the circumstances, provide the respondents with adequate notice to permit them to prepare a defense to the [*2]petition" (Matter of Hennessy v Oneida County Bd. of Elections, 217 AD3d at 1453).
Here, the nominating petition filed by petitioner contained 1,078 signatures. The parties now agree that 928 valid signatures were required (see Election Law § 6-142 [2]). Baker objected to 256 signatures and the Board ultimately invalidated 155, leaving 923 valid signatures. In petitioner's written challenge to the Board's preliminary ruling sustaining certain of Baker's objections, petitioner raised arguments regarding only 29 signatures. That document was a spreadsheet listing each at-issue signature by the page and line number where it appeared in the nominating petition and providing one or more reasons to support validating such signature; most of those arguments were that the "[s]ignature substantially compares with that on registration record." The validating petition attached that spreadsheet as an exhibit, thereby incorporating it, and alleged that "the Board incorrectly invalidated the signatures identified" therein, as well as that the registration records of those signatories matched the voters in question and that "any mismatch can be adequately explained through extrinsic evidence at a de novo review pursuant to [a]rticle 16 of the Election Law" (emphasis omitted). These allegations were sufficiently particularized.
The cases relied upon by respondents are distinguishable from the present situation. In those cases, the candidate's submissions to a board of elections were so inadequate that the board could not verify the voters' signatures (see Matter of Maio v McNamara, 180 AD3d at 965-966), or a large number of signatures were challenged before the board of elections and it was unclear which of those signatures were still at issue before the court (see Matter of Fuchs v Park, 205 AD3d at 850), or the petition generally challenged every determination of the board of elections, but the attached exhibit addressed only a subset of the hundreds of signatures that had been invalidated and conflicted with the body of the petition as to how many signatures were at issue (see Matter of Hennessy v Oneida County Bd. of Elections, 217 AD3d at 1453). In contrast, petitioner's validating petition, including the attached spreadsheet, contains a line-by-line challenge to the Board's determination, which invalidated 28 of the 29 signatures he addressed before the Board; the petition also noted the specific page and line number of the only signature for which petitioner's challenge before the Board was successful, indicating that this one signature was no longer at issue. Under the circumstances, the validating petition provided sufficient particularity and adequate notice for respondents to prepare a defense addressing the remaining 28 signatures at issue (see Matter of Wagner v Elasser, 194 AD3d 891, 893 [2d Dept 2021], lv denied 36 NY3d 913 [2021]; Matter of Mazza v Board of Elections of County of Albany, 196 AD2d 679, 680 [3d Dept 1993]; cf. Matter of Haygood v [*3]Hardwick, 110 AD3d 931, 932 [2d Dept 2013]; LaMarca v Quirk, 110 AD3d 808, 810 [2d Dept 2013]).[FN2] Thus, Supreme Court properly denied respondents' requests to dismiss the petition on this procedural basis.
The Board further contends that Supreme Court erred in admitting into evidence affidavits from individuals who did not testify. At the hearing, five witnesses testified that they personally observed certain individuals — 10 in total, each known to the witness — sign the nominating petition. The court admitted into evidence, over objections by respondents, affidavits of 14 individuals attesting that they signed the nominating petition. The court also personally compared the challenged signatures on the nominating petition to those voters' signatures on their voter registration cards on file with the Board. Respondents declined the opportunity to contest the affidavits with proof, such as calling any of the voters as witnesses.
Courts have previously held that affidavits from registered voters may be received in evidence to establish that those individuals signed an independent nominating petition (see Matter of Maclay v DiPasquale, 197 AD3d 1502, 1503 [4th Dept 2021]; see also Matter of Braunfotel v Feiden, 172 AD3d 1451, 1452 [2d Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Jaffee v Kelly, 32 AD3d 485, 485 [2d Dept 2006], lv denied 7 NY3d 707 [2006]). Supreme Court found credible the testimony of petitioner's five witnesses who personally observed different individuals sign the nominating petition, and stated that this testimony alone established the validity of those 10 signatures (see Matter of Hennessy v Board of Elections of County of Oneida, 175 AD3d 1777, 1779 [4th Dept 2019]), which would render the nominating petition valid even without considering the affidavits. The court noted that the affidavits of those 10 individuals confirmed the witnesses' testimony, and its review of the signatures resulted in a finding that those 10 and 15 others were valid, resulting in the validation of 25 additional signatures for a total of 948 — 20 more than required. Respondents have not challenged on appeal Supreme Court's credibility determinations regarding the testifying witnesses, nor its independent conclusions after comparing the signatures. Thus, even if the affidavits had not been admitted into evidence, petitioner would have established that the nominating petition is valid.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Respondents have conceded that the Board improperly calculated the total number of signatures needed, which means that its findings would leave the petition only five signatures short.

Footnote 2: Although the Board contended that it was unsure of which signatures were being challenged at the hearing before Supreme Court, the Board brought to that hearing the voter registration cards — also known as buff cards (see 9 NYCRR 6212.1 [d]) — for 25 of the 28 signatories, which cards were admitted as an exhibit.